(107 App. Div. 514.)

In re WOOD et al.

In re HIGHWAY IN TOWN OF GILBOA.

(Supreme Court, Appellate Division, Third Department.   September 26, 1905.)

1. COURTS—ADJOURNMENT OF TERMS.

   It appearing that the regular terms of the county court of a certain
county were appointed to be held at the courthouse at the county seat,
an order of the court adjourning the same to chambers must be inter-
preted as adjourning the court to the chambers of the county judge at
the courthouse, such chambers being specifically provided by the board
of supervisors, and proceedings before the judge at his chambers in an-
other town were void.

2. SAME.

   Under an order of a county court at a regular term adjourning the court
to chambers, the adjourned term is in full force until the actual convening
of the next term of court.

3. HIGHWAYS—ALTERATION.

   In proceedings to alter a highway five days' notice was given to the
highway commissioner, after which motion was made before the county
court at the chambers of the judge, away from the county seat, for the
appointment of commissioners pursuant to the Highway Law, Laws 1890,
p. 1193, c. 568, § 83.   The judge directed the proceedings to be adjourned
to a certain date at his chambers at the county seat, and directed that
notice of the application should be given to the mortgagees of the land
to be taken.   On the day fixed, on the appearance of the attorneys for
the applicant and of the attorney for the highway commissioner, an
order was made for the appointment of commissioners.   Held that,
notwithstanding the proceedings away from the county seat were void,
the subsequent order appointing commissioners was valid.

4. SAME—APPEAL.

   On appeal from an order in proceedings to alter a highway, question
was raised that the notice to the mortgagees of property taken was re-
turnable at 1 o'clock of a certain date, while the order appointing com-
missioners was made before noon of that day.   The record did not show
when the order was made, except as it appeared in the opinion of the
county judge, which was no part of the record for the purpose of estab-
lishing any fact to be considered on the appeal.   Held, that it must be
presumed that the order was only made after compliance, satisfactory to
the judge, with his requirement as to the notice to be given.

Appeal from Schoharie County Court.

Application of Jesse M. Wood and others to alter a highway.
Motion by the town of Gilboa and another to vacate proceedings
to alter a highway.  From an order denying the motion, they appeal.
Affirmed.

On April 26, 1904, Jesse M. Wood and others, persons liable to be assessed
for highway labor in the town of Gilboa, made an application to the highway
commissioner of said town for the alteration of a certain highway in that
town.   Within 30 days after that application, and upon April 30th, upon 5
days' notice to the highway commissioner of the town, they made a motion
before the County Court at Cobleskill, at the chambers of the county judge at
Cobleskill, N. Y., for the appointment of commissioners pursuant to section 83 of
the highway law (Laws 1890, p. 1193, c. 568).   That application was also made
upon notice to the landowners whose land was to be taken in the said alter-
ation.   It appeared to the county judge that the land was mortgaged, and he
directed that the proceeding be adjourned to May 16th, at his chambers at
Schoharie, and that notice of the application be given to the mortgagees for
that time.   Notice was thereupon given to the mortgagees that the application

would be made at 1 o'clock at the chambers of the county judge at Schoharie. Upon the 16th day of May, the day to which the proceeding was adjourned, at Schoharie, upon the appearance of the attorney for the applicants and upon the appearance of one Nichols, the attorney for the highway commissioner only, an order was made for the appointment of the commissioners under section 83 of the highway law. Thereafter the commissioners met, notice of their hearing was duly given, their determination duly made, and upon the 3d day of September, at a County Court held in Cobleskill, an order was made confirming the report of the commissioners. That order was made upon notice to the landowners, to the mortgagees, and to the highway commissioner, and upon the consent of the said Nichols, who had appeared in the proceeding for the commissioner and for the landowners and for Harriet Danforth, one of the mortgagees.

It appears that the regular terms of the County Court were appointed to be held at the courthouse at Schoharie, which is the county seat. The county judge resided at Cobleskill, in said county. At the February term of the County Court an order was entered in the minutes that the court be adjourned to the chambers of the county judge. No order was made adjourning the term claimed to have been held at Cobleskill upon April 30th to Schoharie upon May 16th. The town and Jesse M. Cornell, one of the landowners, thereafter made a motion to the County Court to vacate all proceedings on the ground of the lack of jurisdiction, which motion was denied, and from the order denying that motion this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Eugene E. Howe, for appellant.
M. S. Wilcox, for respondents.

SMITH, J. The order of the County Court, made in February, 1904, adjourning the court to chambers, can only be interpreted as an order adjourning the court to the chambers of the county judge at the courthouse in Schoharie, which chambers were specifically provided by the board of supervisors. Upon April 30th, therefore, at Cobleskill, there was no court before which the application could be made for the appointment of commissioners, and the proceedings there taken were void. The order operating, however, as an adjournment of the court to the chambers at Schoharie, that adjourned term was in full force at least until the actual convening of the next term of court upon May 16th at the Schoharie courthouse. Upon May 16th, then, at a term of court, upon the appearance of the attorneys for the applicant and of the attorney for the highway commissioner, without objection as to the notice with which the highway commissioner had been served, an order was made for the appointment of commissioners pursuant to section 83 of the highway law. Laws 1890, p. 1193, c. 568. Notice of five days to the highway commissioner might well have been waived by the highway commissioner, who might have appeared even without notice of the application. The notice required to be given to the mortgagees was returnable upon May 16th at the chambers of the county judge. Some question is made that the notice to the mortgagees was returnable at 1 o'clock, while the order was made before noon upon that day. The record does not show when the order was made, except as it appears in the opinion of the county judge, which is no part of the record for the purpose of es-

tablishing any fact which may be considered upon the appeal. It will be presumed, therefore, that the order was only made by the county judge after compliance satisfactory to himself with his requirement as to the notice to be given to the mortgagees. The highway law requires notice of the application for the appointment of commissioners only to be served upon the highway commissioner "and if the county judge require on such notice to such parties interested as he shall direct." Due notice was given of the meeting of the commissioners and of the hearing before them. Upon such hearing all parties were represented, the town, landowners, and the highway commissioner, and upon the application for the confirmation of the report of the commissioners, Mr. Nichols, who represented the landowners and the highway commissioner, duly consented to the confirmation thereof.

We are of the opinion that the order of May 16th was a valid order made by a court with competent jurisdiction, and, as no challenge is made of the regularity of the proceedings thereafter, we think the County Court was right in refusing to vacate the proceedings. ceedings.

Order affirmed, with $10 costs and disbursements. All concur; CHASE, J., in result.